

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3629 | DATE | 7/22/2002 |
| CASE TITLE | Arthur Sheridan vs. Village of Bensenville etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff now seeks to remand, contending that defendants lost their right to remove when they failed to do so within 30 days of the service of the original complaint. The motion to remand is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| | Notices mailed by judge's staff. | | JUL 2 3 2002 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 8 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | 02 JUL 22 PM 4:39 FILED TO Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ARTHUR SHERIDAN, )
)
Plaintiffs, )
)
vs. ) No. 02 C 3629
)
VILLAGE OF BENSENVILLE, a body )
politic and corporate; et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

In a case filed in state court in DuPage County on December 14, 2001, plaintiff alleged that the defendants, the Village of Bensenville and various public officials, destroyed a building on his property without just compensation "in violation of plaintiff's rights under the 1st, 4th, 5th and 14th Amendments to the Constitution of the United States and Sections 1, 2, 6, 12, 15 and 23 of Article I of the Constitution of the State of Illinois." He asked for a writ of mandamus directing the defendants to initiate an eminent domain proceeding. That complaint was dismissed upon defendants' motion, an amended complaint was apparently filed and withdrawn, and a "Second Amended Complaint for Writ of Mandamus" was filed May 13, 2002. That complaint was promptly removed. Plaintiff now seeks to remand, contending that defendants lost their right to remove when they failed to do so within 30 days of the service of the original complaint. The motion to remand is granted.

Defendants, opposing the motion to remand, contend that the references in the original complaint to federal constitutional rights are vague, and not until the second amended complaint did the plaintiff sufficiently (although not sufficiently enough) set forth a federal

claim. We disagree. There is, perhaps, a symbiotic relationship between the issues relating to the removal and defendants' motion to dismiss. Defendants contend that there can be no federal constitutional claim because plaintiff has adequate state remedies, which he has *not* pursued. Plaintiff says he is trying to pursue them; that is what his lawsuit is all about. But, say defendants, mandamus to compel the village to initiate an eminent domain proceeding is not the proper way to go. Plaintiff must bring an inverse condemnation proceeding seeking damages. Plaintiff counters by contending that his petition for a writ *is* an inverse condemnation proceeding.

We decline to jump into that controversy. What we do know is that plaintiff, from the start, has claimed that governmental actors destroyed a commercial building on his land without payment of just compensation in violation of specific federal constitutional rights. Whether the violations of those rights triggers a right to an eminent domain proceeding, or whether plaintiff must amend to sue directly for damages or for a declaration, we leave to the state court.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

_July 22_, 2002.